IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

BLUES ALLEY ESTATES LIMITED
PARTNERSHIP,                                                                              PLAINTIFF,

VS.                                                                  CIVIL ACTION NO. 2:07CV185-P-A

RICHARD F. BERRY; EVANS ENGINEERING,
P.A.; and ALLIED HOME MORTGAGE CAPITAL
CORPORATION,                                                                           DEFENDANTS.

ORDER OF REMAND

This matter comes before the court upon Plaintiff's motion to remand and to strike the affidavits of Joe James [5]. After due consideration of the motion, the court finds as follows, to-wit:

The plaintiff filed their Complaint to Quiet and Confirm Title in the Chancery Court of Coahoma County, Mississippi on August 29, 2007 wherein they seek to clear the clouds on its title to certain real property. The plaintiff named as a defendant Richard F. Berry, a resident of Mississippi, because he filed a construction lien against the subject property on March 30, 2006. The plaintiff named Evans Engineering, P.A., also a resident of Mississippi, as a defendant because Evans filed a surveyor's lien on May 2, 2005. Allied Home Mortgage Capital Corporation is named as a defendant because the plaintiff argues that Allied "claims to be the putative beneficiary under a deed of trust on behalf of Plaintiff Blues Alley ... [and] the deed of trust with Defendant Allied should be cancelled in order for Plaintiff Blues Alley to execute the necessary documents to secure the unpaid amount due and owing to Superior Development Group, Inc." Complaint at ¶ 9.

Allied removed this action on October 9, 2007 on the basis of diversity jurisdiction, arguing that the Mississippi-resident defendants, Berry and Evans Engineering, were improperly joined.

The plaintiff filed their motion to remand on November 7, 2007. The plaintiff argues that the

resident defendants were not improperly joined because they have a valid claim against Berry and Evans Engineering in that the plaintiff wants a declaration by the Chancery Court that Berry and Evans Engineering's liens are in fact void.

In response, Allied argues that there is no possibility the plaintiff can recover against Berry or Evans because the liens in question were cancelled by operation of law before the complaint was filed as a result of the lienors' failure to sue Blues Alley "within twelve months next after the time when the money due and claimed by the suit became due and payable...." Miss. Code Ann. § 85-7-141. In *Dinkins v. Bowers*, 49 Miss. 219, 221-22 (1873), Allied points out that the Mississippi Supreme Court wrote regarding the equivalent of Miss. Code Ann. § 85-7-141**:** "[T]he statute does not continue the lien in favor of the mechanic, unless he sues within the time. The intendment is, if he lets the time go by , he shall be taken as having abandoned the lien, and is content to rely upon the personal responsibility of the defendant." Furthermore, in *Christian v. O'Neal*, 46 Miss. 669, 673 (1872), the Mississippi Supreme Court held that when a suit to enforce a mechanic's lien is not timely filed, the lien is "abandoned and lost."

The plaintiff, however, points to more recent precedent in *Cummings v. Davis*, 751 So.2d 1055 (Miss. Ct. App. 1999) wherein the Mississippi Court of Appeals concluded: "[W]e do accept that a chancellor has the right to examine whether a recorded materialman's lien not then the subject of a circuit court enforcement action is void and of no effect, and that the filing of such liens should be enjoined." *Id*. at 1058.

The burden in this case is upon the defendants to persuade the court of fraudulent, or improper, joinder. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) This burden is a heavy one. *Id*. Furthermore, when dealing with an improper joinder claim the court should not focus on who

will ultimately prevail in the action. *Reed v. American General Life & Accident Ins. Co.*, 192 F.Supp.2d 641 (N.D. Miss. 2002). When moving for remand the plaintiff's burden is "much lighter" than that necessary with summary judgment. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981).

There are two ways in which the defendants can establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since there is no dispute that the resident defendants are indeed residents of Mississippi, the second test applies in the instant case.

With regard to the second test, the Fifth Circuit in *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. (Miss.) 2004) (en banc) wrote:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.

*Id.* (citing *Travis*, 326 F.3d at 646-7).

The Fifth Circuit in *Hart* wrote that they "have cautioned against 'pretrying a case to determine removal jurisdiction,' [and have stated] that fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." 199 F.3d at 246-247 (quoting *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).

The court concludes that Allied has not met the heavy burden of showing the improper joinder of the resident defendants, primarily because of the ambiguity in Mississippi law between *Christian* and *Dinkins* on the one hand, and *Cummings* on the other. Though the former two cases are Mississippi Supreme Court precedent, while the latter is Mississippi Court of Appeals precedent, there is still an ambiguity because neither of the Mississippi Supreme Court cases preclude the chancellors right to declare that a mechanic's lien is void as stated in *Cummings*. Accordingly, since in determining whether the defendants have demonstrated that there is no reasonable possibility of recovery against the resident defendants, "the court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff' and resolve any contested issues of fact and legal ambiguities in the plaintiff's favor," *Hart*, 199 F.3d at 246, the court concludes that Allied has not met its burden in defeating the plaintiff's motion to remand.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's motion to remand [5] is **GRANTED**; therefore,

(2) This case is remanded to the Chancery Court of Coahoma County, Mississippi from whence it came; and

(3) This case is **CLOSED**.

**SO ORDERED** this the 12th day of September, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE